(No. 1103—Claimant awarded $300.00.)

WILLIAM BARROWMAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 29, 1927.*

SOCIAL JUSTICE AND EQUITY—*when award may be made to State employee under rule of.* Where claimant, an employee of the State is engaged in a hazardous employment, and is injured while in the discharge of his duty, the court may enter an award to him for the injury sustained.

LAGGER & BLATT, for claimant.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

The claimant alleges that he has been employed at the old penitentiary at Joliet since February 18, 1923, and was acting deputy warden on October 29, 1926, on which date he was injured in the course of his employment in the manner following, according to his statement:

On the morning of that day he superintended the removal of thirty-one prisoners from the old to the new penitentiary, they being moved in a Mack truck driven by one of the con-

victs. The petitioner, as such deputy warden, was following the truck to prevent the escape of any prisoners, he riding in and on a trailing car, a part of the time riding on the running board of the trailer, in which there were two officers. The road to the new penitentiary goes north on Collins street to Sixteenth street in Lockport, which is a straight road direct to the new penitentiary. On the road west it was necessary to climb a steep hill. While ascending the hill it became necessary for the driver of the truck to change into low gear. The gears refused to mesh and the emergency brake did not hold, so that the truck began to back down the hill towards the trailing car, and when about twenty feet from the bottom of the incline turned over on its side. The trailer, being a Paige car, also backed down, but in so doing backed out against a fence at the side of the road. The claimant was standing on the running board and the rear door on the right hand side of the car slammed onto his hand, breaking the ring finger of the right hand and pulling off the nail. The right arm below the elbow was also hurt in the muscles and tendons injured at the shoulder. It is not contended by claimant that this is a claim that could be measured by the Workmen's Compensation Act, and from the testimony it does not appear that the injuries sustained will be continuing, and it is assumed by the court that his compensation or salary has been paid by the defendant continuously as well as such medical aid as might be required. The evidence, however, discloses that a suit of clothes valued at about $60.00 was ruined on account of the accident, and that, of course, would be a loss to the claimant. It also appears that claimant suffered considerable pain and inconvenience.

It appears to the court that an allowance in this case cannot be considered under the Workmen's Compensation Act, and it would not appear that there was any permanent injury. However, it has been the practice of this court to consider claims of this type as a matter of equity and social justice, and in view of the fact that claimant was engaged in a hazardous occupation for the benefit of the defendant, and it appeared that he had done his duty faithfully and that he has suffered considerable pain and inconvenience, it is the judgment of the court that a limited award should be considered.

The court therefore recommends that claimant be awarded the sum of $300.00.